IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARTHUR ANTONIO JOHNSON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:21-CR-0044-AT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:23-CV-3924-AT-RGV |

## **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Arthur Antonio Johnson's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 68], the government's response, [Doc. 70], Johnson's declaration, [Doc. 72], and the government's supplemental response, [Doc. 74].  For the reasons that follow, it is **RECOMMENDED** that the § 2255 motion be **GRANTED** as to Johnson's claim that counsel failed to file a notice of appeal and that his remaining claims be **DISMISSED WITHOUT PREJUDICE**.

Johnson entered a negotiated guilty plea to possession of a short-barreled shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871.  [Doc. 1 at 3; Doc. 30-1; Doc. 33].  On September 7, 2022, the Court entered judgment sentencing Johnson

to 120 months of imprisonment. [Doc. 52]. On December 9, 2022, the United States Court of Appeals for the Eleventh Circuit received a letter from Johnson requesting a court-appointed attorney for appeal and documents for a "2255." [Doc. 54]. The Eleventh Circuit was "unable to discern whether" the letter could "serve as a notice of appeal" and forwarded it to this Court on January 4, 2023, to process as it deemed appropriate. [Id. at 1]. The Eleventh Circuit also appointed attorney L. Burton Finlayson, who had served as Johnson's counsel for sentencing, [Docs. 42; 50; 62], to represent Johnson in the appeal. United States v. Johnson, No. 23-10033 (11th Cir. Jan. 5, 2023), at [Doc. 2]. On April 10, 2023, the day Johnson's appellate brief was due, id. at [Doc. 11], Finlayson filed a motion to voluntarily dismiss the appeal, noting that he had "mailed *pro se* 2255 forms to . . . Johnson." Id., at [Doc.13]. The Eleventh Circuit granted the motion and dismissed the appeal on May 4, 2023. Id. at [Doc. 14].

  Johnson timely filed this § 2255 raising four grounds for relief, including a claim that counsel failed to file a notice of appeal. [Doc. 68]. In his declaration, Johnson clarified this claim, stating that he met with his attorney immediately after sentencing; they discussed the sentence, the plea agreement, the appeal waiver provision of that agreement, and his options; counsel advised him that an appeal would be unsuccessful due to the waiver; he considered counsel's advice but

2

decided that he wanted to file a notice of appeal and instructed counsel to do so; in November of 2022, he learned that counsel had not filed a notice of appeal and contacted the Eleventh Circuit in December of 2022. [Doc. 72]. The government responds that it "conferred with Finlayson about Johnson's claim" and that "Finlayson replied, 'no comment.'" [Doc. 74 at 2]. Accordingly, the Court accepts Johnson's declaration as true and finds that there is no factual dispute that requires an evidentiary hearing and that, in the interest of judicial economy, Johnson should be allowed to file a direct appeal.

For these reasons, **IT IS HEREBY RECOMMENDED** that Johnson's § 2255 motion, [Doc. 68], be **GRANTED** only as to his claim that counsel failed to file a notice of appeal, that his remaining claims be **DISMISSED WITHOUT PREJUDICE**, and that pursuant to United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000):

(1) The criminal judgment in this action be **VACATED**;

(2) The sentence, including all terms and conditions, and special assessment imposed by this Court on September 7, 2022, be **REIMPOSED** with appropriate credit for time already served and sums of the special assessment that may have already been paid; and

(3) Johnson be **ADVISED** that (a) he has the right to an appeal, and (b) with few exceptions, any notice of appeal must be filed within fourteen days, pursuant to Fed. R. App. P. 4(b)(1)(A).

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 8th day of February, 2024.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE